SHERMAN M. SPITZ, Esq. (SBN 82944)
sspitz@bergerkahn.com
DALE A. AMATO, Esq. (SBN 137965)
damato@bergerkahn.com
BERGER KAHN, A Law Corporation
2 Park Plaza, Suite 650
Irvine, California  92614
Tel:  (949) 474-1880 • Fax:  (949) 474-7265

Attorneys for Defendant
STATE FARM GENERAL INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 916 BENEDICT, a California General Partnership; DANNY PINCHASI, an individual; DINA HEISSER, an individual; OREET P. SMITH, an individual; EDDIE PINCHASI, an individual; and YAFFA PINCHASI, an individual. <br><br>      Plaintiffs, <br><br> vs. <br><br> STATE FARM GENERAL INSURANCE COMPANY and DOES 1 through 50, inclusive, <br><br>      Defendants. | CASE NO. <br><br> (Los Angeles Superior Court Case No. SC124426) <br><br> **DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S PETITION FOR REMOVAL PURSUANT TO 28 U.S.C. §1441(b)** <br><br> Complaint Filed:  July 7, 2015 <br> Trial Date:  Not Set |

BERGER KAHN
*A Law Corporation*
2 Park Plaza, Suite 650
Irvine, CA  92614

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, THE PLAINTIFFS AND THEIR ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant State Farm General Insurance Company ("State Farm") hereby removes to this court, pursuant to 28 U.S.C. §1441(b), the state action described below:

1.      On July 7, 2015, an action was commenced in the Los Angeles Superior Court entitled *916 Benedict, et al. v. State Farm General Insurance Company,* LASC Case No. SC124426 (hereinafter "State Court Action"). A true and correct copy of the complaint is attached as Exhibit 1.

2.       On October 2, 2015, the complaint was served on State Farm. A true and correct copy of the summons showing service on State Farm is attached as Exhibit 2. A true and correct copy of Corporation Service Company's Notice of Service of Process showing service of the complaint on State Farm on October 2, 2015 is attached as Exhibit 3.

3.      On October 21, 2015, State Farm filed an answer to the plaintiffs' complaint in the Los Angeles Superior Court. A true and correct copy State Farm's file-stamped answer to the complaint is attached as Exhibit 4.

4.      This is a civil action that may be removed by State Farm to the United States District Court for the Central District of California, pursuant to the provisions of 28 U.S.C. §1441(b). This is a civil action between citizens of different states and the matter in controversy is alleged to exceed $75,000.

5.      According to the Plaintiffs' complaint, the plaintiffs claims damages of at least $500,000 (*See*, Ex. 1, ¶¶34, 40, 49, Prayer, 13:5-8, 13:15-19 and 13:16-14:1) In addition, the plaintiffs seek punitive damages (Prayer, 13:11-12 and 13:22-23) and attorney's fees. (Prayer, 14:6)

BERGER KAHN
*A Law Corporation*
2 Park Plaza, Suite 650
Irvine, CA 92614

1

**STATE FARM GENERAL INSURANCE COMPANY'S PETITION FOR REMOVAL PURSUANT TO 28 U.S.C. SECTION 1441(b)**

BERGER KAHN
*A Law Corporation*
2 Park Plaza, Suite 650
Irvine, CA 92614

6.    It is apparent from the face of the plaintiffs' complaint that Plaintiffs seeks damages in excess of the $75,000 jurisdictional limit for removal. *See, also, Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ["It is well-established that punitive damages are part of the amount in controversy in a civil action [citation]"]; *Goldberg v. CPC International, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) [same for attorney's fees].

7.    State Farm's removal is timely pursuant to U.S.C. §1446, which requires removal within thirty days after receipt of the first pleading in state court that sets forth a removable claim. While the statute uses the term "receipt," formal "service" of the complaint is required. "Receipt" of the complaint by other means is not sufficient. *See, Murphy Bros. v. Michael Pipe Stringing, Inc.*, 526 U.S. 344 (1999) [the thirty day removal period does not begin to run until the defendant is formally served with the complaint.]. Based upon the October 2, 2015 service of the Complaint, State Farm has until November 1, 2015 to remove this matter to federal court.

8.    State Farm is informed and believes that the Plaintiffs were, at the time of the filing of the Complaint, and still are, domiciled in the State of California. (Complaint, ¶¶1-6.)  The Ninth Circuit does not require a strict showing of "domicile" as opposed to "residency" to establish citizenship for diversity purposes. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013) ["…numerous courts treat a person's residence as prima facie evidence of the person's domicile."]; *Anderson v. Watt,* 138 U.S. 694, 706 (1891) ["The place where a person lives is taken to be his domicile until facts adduced establish the contrary . . . ."]; *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) ["Evidence of a person's place of residence . . . is prima facie proof of his domicile."]. Here, the complaint alleges that the plaintiffs reside in California. (Complaint, ¶¶1-6.)

2

**STATE FARM GENERAL INSURANCE COMPANY'S PETITION FOR REMOVAL PURSUANT TO 28 U.S.C. SECTION 1441(b)**

9.    Defendant State Farm General Insurance Company at the time of the filing of this action, and today, was and is incorporated in the State of Illinois with its principal place of business in Illinois.

10.    Therefore, State Farm prays that this action be removed from the Los Angeles Superior Court to the United States District Court for the Central District of California.

DATED: October 26, 2015                    BERGER KAHN, A Law Corporation


By: /s/ Dale A. Amato
     SHERMAN M. SPITZ
     DALE A. AMATO
     Attorneys for Defendant STATE FARM
     GENERAL INSURANCE COMPANY

BERGER KAHN
*A Law Corporation*
2 Park Plaza, Suite 650
Irvine, CA 92614

**STATE FARM GENERAL INSURANCE COMPANY'S PETITION FOR REMOVAL PURSUANT TO 28 U.S.C. SECTION 1441(b)**